

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00165-CR
_____

ALLEN LYNN WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 4037; Honorable Stuart Messer, Presiding

February 19, 2020

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Appellant, Allen Lynn Williams, appeals from his conviction by jury of the offense

of indecency with a child by sexual contact,[1] enhanced by a prior felony conviction,[2] and

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019). An offense under this section is a felony of the second degree.

[2] TEX. PENAL CODE ANN. § 12.42(b) (West 2019). As enhanced, this offense was punishable as a first degree felony.

the resulting sentence of twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. By two issues, Appellant contends (1) the trial court erred by allowing the State to admit and publish a video recording of the interview of the child-victim under the doctrine of optional completeness, and (2) the cumulative errors that occurred during the trial deprived Appellant of a fair trial and due process of law. We affirm the judgment of conviction.

## BACKGROUND

Appellant was accused of touching the anus of S.D.S.,[3] a ten-year-old child, with the intent to arouse or gratify his sexual desires. At the time of the incident, Appellant was watching S.D.S. while her mother and stepfather were working. Appellant was the stepfather's father. At trial, S.D.S. testified that, after she had originally gone to bed, she could not sleep, so she got up and joined Appellant as he sat on a couch watching television. While watching television, Appellant began to rub her back. Slowly, his hands moved down her back. At that point in her testimony, S.D.S. described how his fingers "went in the middle . . . under my clothes . . . of my butt." Seeking better clarity from a witness who was then only eleven years old, the following exchange took place:

> Prosecutor: Okay. And did he just like touch on the outside, or what did he do?
>
> S.D.S.: He kind of went on the inside, but not on the inside, because – if that makes sense.
>
> Prosecutor: And now did – did he touch like where the poop comes out?

---

[3] To protect the child's privacy, we will refer to her by her initials.

Following an objection as to leading, S.D.S. repeated the prosecutor's description. She then described how Appellant pulled his hand away, smelled his fingers, and said, "Oh, god."

Immediately following the incident, S.D.S. called her mother and made an outcry statement to her. S.D.S. was taken to the Bridge Child Advocacy Center for a forensic interview and she was then medically examined by a sexual assault nurse examiner. A video recording was made of the forensic interview. At trial, in addition to the testimony of S.D.S., the State offered the testimony of the sexual assault nurse examiner and the forensic interviewer. During cross-examination, the forensic interviewer offered testimony that it was she who first used the term, "where the poop comes out" to describe the anus. Following cross-examination, the State sought to offer the video recording of the entire forensic interview under "rule 107, optional completeness." The prosecutor argued that the State was entitled to the admission of the recording to prevent the "jury from receiving a false impression from hearing only a part of the conversation with statements taken out of context." The trial court overruled defense counsel's objection to the admission of the exhibit and the recording was played for the jury. At that point, the State rested without calling the outcry witness, S.D.S.'s mother.

### ISSUE ONE—ADMISSION OF VIDEO RECORDING OF THE FORENSIC INTERVIEW

By his first issue, Appellant contends the trial court erred by admitting the video recording of the forensic interview. A trial judge has wide discretion in the admission of evidence at trial. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990) (op. on reh'g). An appellate court reviews a trial judge's decision to admit or exclude evidence under an

abuse of discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under that standard, a trial judge does not err if his ruling is within the "zone of reasonable disagreement." *Id.*

Here, the State sought admission of the recording under Rule 107 of the Texas Rules of Evidence, based upon an argument that defense counsel had "opened the door" by questioning the forensic interviewer about the origins of the phrase "where the poop comes out." The prosecutor argued that admission of the recording was necessary to prevent the "jury from receiving a false impression from hearing only a part of the conversation with statements taken out of context."

Rule 107, the rule of optional completeness, provides that, "[i]f a party introduces part of [a] . . . recorded statement, an adverse party may inquire into any other part on the same subject." TEX. R. EVID. 107. The rule further provides that the adverse party may also introduce any other part of the recorded statement that is "necessary to explain or allow the trier of fact to fully understand the part offered by the opponent." *Id.* The rule permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007). The rule is designed to reduce the possibility that a jury would receive a false impression from hearing only part of a recording. *Id.* Rule 107 does not permit the introduction of evidence unless it is necessary to explain properly admitted evidence and the rule is not invoked by the mere reference to the recorded statement. *Id.*

The problem with the State's argument in this case is the fact that defense counsel did not introduce any part of the recording. Defense counsel merely questioned the forensic interviewer about the origin of the phrase "where the poop comes out." The witness readily admitted that the phrase was one she had introduced into the interview and that was it. The recording was never mentioned or played, and a transcript of the interview was not used to impeach or cross-examine the witness. No false impressions were created, and the introduction of the entire interview was not necessary to fully and fairly explain anything. Defense counsel was fully entitled to question the forensic interviewer about the interview process, including the use and origin of names or phrases used to describe the incident that was being investigated and doing so does not, *ipso facto*, make the recording admissible. Because this hearsay recording was not admissible under the rule of optional completeness or any other proffered theory of admissibility, the trial court erred in admitting the recording of the forensic interview.

Having found that the trial court erred in admitting the video recording of the forensic interview, we next consider whether Appellant was harmed by the trial court's error. Harm for the erroneous admission of evidence is determined by the standard in Rule of Appellate Procedure 44.2(b). *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Under that standard, an appellate court should disregard an error unless a "substantial right" has been affected. *See* TEX. R. APP. P. 44.2(b) (providing that "any other [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). The Texas Court of Criminal Appeals has said that substantial rights are affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Coble*, 330 S.W.3d at 280. But if the improperly

5

admitted evidence did not influence the jury's verdict or had but a slight effect on its deliberations, such non-constitutional error is harmless. *Id.* In conducting a harm analysis, we examine the entire trial record and calculate, as well as possible, the probable impact of the error on the rest of the evidence. *Id.*

Here, Appellant contends he was harmed by the erroneous introduction of the video recording of the forensic interview because, not only did it buttress the testimony of the child-victim, it also "injected the specter of extraneous offenses into the case . . . ." We have reviewed the entire record, including State's Exhibit Number 5, the video recording of the forensic interview, and we conclude that its introduction did not have a substantial and injurious effect or influence on the jury's verdict. As such, the trial court's erroneous decision to admit that evidence was harmless. Issue one is overruled.

### ISSUE TWO—CUMULATIVE ERROR AND DUE PROCESS OF LAW

By his second issue, Appellant contends that he was denied due process of law and a fair trial due to the cumulative effect of errors in his trial. Specifically, he contends that even if the erroneous admission of the recorded interview (issue one) was harmless error, other non-preserved errors "synergistically combined to deny Appellant a fair trial." Without arguing specifically how the trial court erred or how multiple errors combined to harm Appellant, he contends he was denied a fair trial because the State was allowed to impeach him by using a nineteen-year-old conviction for felony driving while intoxicated

and it was allowed to introduce the report of the sexual assault nurse examiner which included evidence of guilt that exceeded the testimony of S.D.S.[4]

The critical fallacy in Appellant's argument is the fact that, to our knowledge,[5] the Texas Court of Criminal Appeals has never held that a conviction should be reversed based on the cumulative effect of non-preserved harmless errors—even in cases where they have found other instances of preserved harmless error. While every preserved error (including the question of harm) must be analyzed on an individual basis, there are situations where an appellate court must also evaluate the cumulative effect of multiple errors when determining whether a case should be subject to reversal because, considering the multiple harmless errors, the overall confidence in the verdict would be undermined. *See Ex parte Carty*, 543 S.W.3d 149, 181 (Tex. Crim. App. 2018) (Walker, J., concurring); *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). *But see Calvert v. State*, No. AP-77,063, 2019 Tex. Crim. App. Unpub. LEXIS 584, at *76 (Tex. Crim. App. Oct. 9, 2019) (concluding that the cumulative effect of several non-structural harmless errors was "likewise harmless").

Because we are unaware of any authority holding that the "cumulative effect" of multiple errors is to be considered in situations where those errors have not been properly preserved, we overrule Appellant's second issue. Notwithstanding that ruling, were we to consider the cumulative effect of the errors raised by Appellant, we would find that

---

[4] The report of the sexual assault nurse examiner indicated that Appellant had penetrated the anus of the victim, whereas S.D.S.'s testimony only indicated sexual contact of the anus.

[5] The State did not favor us with a timely filed brief in this proceeding and our independent research has failed to reveal any case where the Court of Criminal Appeals has engaged in the analysis of the cumulative effect of non-preserved error, even when considered in conjunction with preserved error.

those other errors, if any, did not have a substantial and injurious effect or influence on the jury's verdict.  Appellant's second issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.